ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 21 2019

at 1 o'clock and 30 min. P M
SUE BEITIA, CLERK   ES

JOHN B. HOPKINS
86-269 Hokuaea St.
Waianae, Hawaii 96792
DEFENDANT PRO SE

(808) 699-5186

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN B. HOPKINS<br>       Plaintiffs,<br>vs.<br><br>WILLIAM AILA, Deputy Director,<br>Department of Hawaiian Home Lands<br>JOBIE MASAGATANI, Director,<br>Department of Hawaiian Home Lands<br>KIP AKANA, Acting Enforcement Division<br>Supervisor, Department of<br>Hawaiian Home Lands<br>MICHAEL P. KAHIKINA, Commissioner,<br>HAWAIIAN HOMES COMMISSION,<br>WREN WESCOATT,III, Commissioner,<br>Hawaiian Homes Commission,<br>RANDY AWO, Commissioner, Hawaiian<br>Homes Commission,<br>PAULINE NAMU`O, Commissioner,<br>Hawaiian Homes Commission,<br>ZACHARY HELM, Commissioner, Hawaiian<br>Homes Commission,<br>WALLACE A. ISHIBASHI, Commissioner,<br>Hawaiian Homes Commission,<br>DAVID B. KA`APU, Commissioner,<br>Hawaiian Homes Commission,<br>Department of Hawaiian Home Lands,<br>STATE OF HAWAII,<br>UNITED STATES<br>       Defendants. | CIVIL NO. **CV19  00321** JAO WRP<br>(CIVIL RIGHTS ACTION COMPLAINT<br>PURSUANT TO 42 U.S.C. §1983)<br><br>VERIFIED COMPLAINT FOR<br>DECLARATORY AND INJUNCTIVE<br>RELIEF;<br>SUMMONS |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff JOHN B. HOPKINS ("Hopkins" Defendants), a native

Hawaiian as defined by the Hawaiian Homes Commissions Act of 1920, seeks to

**challenge the homestead lease program administered by DHHL/HHC** and hereby files this Complaint for Declaratory Judgment and Prospective Injunctive Relief against the Deputy Director and Director of the Department of Hawaiian Home Lands, the Department of Hawaiian Home Lands (hereinafter "DHHL"), the Hawaiian Homes Commission (hereinafter "HHC"), the State of Hawaii (hereinafter "State") and the United States (hereinafter the "US"), for violating his rights to DUE PROCESS, when Plaintiff's received a "Complaint for Ejectment" their home on Hawaiian Homestead Lands, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution, as well as the "Takings Clause" of the Fifth Amendment to the United States Constitution.

All Defendants are sued in their OFFICIAL CAPACITIES as they have acted UNDER COLOR OF LAW.

**Both the State of Hawaii and the United States are indispensable parties to this action**, which seeks Declaratory Judgment and Prospective Injunctive Relief. See **Arakaki v. Lingle**, 477 F.3d 1048, 1059 (9th Cir. 2007). Failure of Plaintiff Hopkins to include "indispensable parties" will result in the dismissal of his action. See **Carroll v. Nakatani**, 342 F.3d 934, 944 (9th Cir.2003).

This action is brought pursuant to 42 U.S.C. §1983.

JURISDICTION AND VENUE

1. Plaintiff bring this action pursuant to 42 U.S.C. §1983 for violations of their DUE PROCESS civil rights under the Fifth and Fourteenth Amendments to the United

States Constitution, as well as the "Takings Clause" of the Fifth Amendment to the United States Constitution.

2. Plaintiff is a "native Hawaiian", as defined in section 201(a) of the Hawaiian Homes Commission Act, Pub. L. No. 67-34, 42 Stat. 108 (1921) ("HHCA"), to mean "any descendant of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778."- As such they are beneficiaries of a "public trust" created in the Hawaii Admission Act, Pub. L. No. 86-3, 73 Stat. 4 (1959) ("Admission Act"). Plaintiff contends that the Department of Hawaiian Home Lands ("DHHL"), a State of Hawaii agency that administers the Hawaiian Homestead Trust Lands, breached the Trust, by:

A. Unlawfully attaching Plaintiffs' Home on Hawaiian Homestead Land to his long-term residential ground lease Hawaiian Homestead Land.

B. Depriving Plaintiff of the potential to access the "Equity" of his improved tract of his long-term residential ground lease on Hawaiian Homestead Land to acquire the monetary loans he could have obtained to help him rehabilitate his financial debt and pay his mortgage for his long-term residential ground lease on Hawaiian Homestead Land.

This Court's jurisdiction is found under 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983.

3. Venue is proper in this Court under 28 U.S.C. §1391 because the parties reside in this District, and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4.  Plaintiff Hopkins, is and was at all times herein relevant a resident of the State of Hawaii and a native Hawaiian with a long-term residential ground lease on Hawaiian Homestead Land, pursuant to the Hawaiian Homestead Act of 1920.

5.  Defendant William Aila, is and was, at all times herein relevant, a resident of the State of Hawaii and a Deputy Director of the Department of Hawaiian Home Lands ("DHHL"). Defendant Aila is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

6.  Defendant Jobie Masagatani, is and was, at all times herein relevant, a resident of the State of Hawaii and a Director of the Department of Hawaiian Home Lands ("DHHL"), and the Chairperson of the Hawaiian Homes Commission ("HHC"). Defendant Masagatani is being sued in her OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

7.  Defendant Kip Akana, is and was, at all times herein relevant, a resident of the State of Hawaii and an Acting Enforcement Division Administrator of the Department of Hawaiian Home Lands ("DHHL"). Defendant Oshiro is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

8.  Defendant Hawaiian Home Lands is a State of Hawaii Agency, whose fiduciary duty it is to administer over 200,000 acres of Hawaiian Homes Trust Lands, specifically for native Hawaiians as defined by the Hawaiian Homes Commission Act of 1920. Defendant DHHL is being sued in its OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

9. Defendant Michael P. Kahikina, is and was, at all times herein relevant, a resident of the State of Hawaii and an O`ahu Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Kahikina is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

10. Defendant Wren Wescoatt, III, is and was, at all times herein relevant, a resident of the State of Hawaii and an O`ahu Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Wescoatt, III, is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

11. Defendant Randy Awo, is and was, at all times herein relevant, a resident of the State of Hawaii and a Maui Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Awo is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

12. Defendant Pauline Namu`o, is and was, at all times herein relevant, a resident of the State of Hawaii and an O`ahu Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Namu`o is being sued in her OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

13. Defendant Zachary Helm, is and was, at all times herein relevant, a resident of the State of Hawaii and a Moloka`i Commissioner with the Hawaiian Homes

Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Helm is being sued in his OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

14. Defendant Wallace A. Ishibashi, is and was, at all times herein relevant, a resident of the State of Hawaii and an East Hawaii Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Ishibashi is being sued in his OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

15. Defendant David B. Ka`apu, is and was, at all times herein relevant, a resident of the State of Hawaii and a West Hawaii Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Ka`apu is being sued in his OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

16. Defendant Hawaiian Homes Commission is the EXECUTIVE BOARD of DHHL. Defendant HHC is being sued in its OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

17. Defendant State of Hawaii is a vital party to this action and is being sued in its OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

18. Defendant United States is a vital party to this action of Hawaii is being sued in its OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

## STATEMENT OF THE CASE

This is a Civil Rights action, that seeks to directly challenge the homestead lease program that is administered by Defendants DHHL and HHC, for which the State of Hawaii and the United States are indispensable parties to this action.

This action arose when on April 8, 2019, Plaintiff was notified by the Defendant Akana, via a "Notice of Cancellation and Order to Vacate Residential Lot Lease No. 5582, Lot No. 121,Waianae, Oahu, Hawaii contested Case Docket No. 10-012" (hereinafter "Notice").

The Notice was signed by Kip Akana, Acting Enforcement Division Supervisor, Department of Hawaiian Home Lands.

Plaintiff was never provided with:

A.  Notice of the Rules, Regulation, Policies and Procedures of the Department of Hawaiian Home Lands and the Hawaiian Homes Commission as to the "Process" that is Due to the Plaintiff, by which he may gain access to the "Equity" in his long-term residential ground lease.

B.  Counsel to advise Plaintiff of what Plaintiffs' options or remedies are in going through the lease cancellation and contested case process, such as remedying his mortgage debt by taking out a loan through the "Equity" of his improved long-term residential ground lease on Hawaiian Homestead Land.

C.  A fair hearing to defend himself (Plaintiff), especially without the aid of counsel, in the Contested Case Process.

D. Adequate NOTICE as to their Right to Appeal the decision of the Commission to Cancel their lease.

E. Adequate NOTICE as to their Right to Contested Case review.

F. The right to appeal the "Order to Vacate".

Defendant DHHL and HHC has NO policies, procedures or Administrative Rules that protect the Due Process Rights of native Hawaiians living on Hawaiian Home Lands as it relates to Defendant DHHL's practice of denying native Hawaiians, who live on Hawaiian Homelands, to access the "Equity" in their long-term residential ground leases.

Defendants DHHL and HHC subjected Plaintiff to sign a one-sided contract for his long-term residential ground lease, that gave Plaintiff notice that his failure to meet his mortgage payments on his Home, can result in his long-term residential ground lease cancellation.

Defendants DHHL and HHC did NOT include any provision in Plaintiffs' long-term residential ground lease that he could access the "Equity" from the improvements on his long-term residential ground lease.

Defendants DHHL and HHC's policies, procedures, rules and regulations or practices relating to the long-term residential ground lease agreements to native Hawaiians breach the HHCA Trust in that it works to set native Hawaiians up to fail in owning their Home and their long-term residential ground leases.

This action seeks to have this Court to issue two Declaratory Judgments against the State of Hawaii Defendants:

i  That the Defendants failed to provide even the basic fundamental rights of native Hawaiians to Due Process BEFORE the government seeks to take adverse action against native Hawaiians who reside on Hawaiian Home Lands.

. ii  That Defendants "Breached the Trust" by failing to enact policies, procedures and administrative rules to safeguard against the arbitrary and capricious evictions of native Hawaiians with long-term residential ground leases on Hawaiian Home Lands.

This action further seeks two Prospective Injunctive Reliefs against the State of Hawaii Defendants:

i.  To prevent the Defendants from Judicially moving to Eject the Plaintiff from his long-term residential ground leased home on Hawaiian Home Lands; and

ii.  To Enjoin the Defendants from seeking any further actions for ejectment, until policies and procedures and administrative rules are enacted to ensure that the Defendants act in accordance with the basic fundamental rights of native Hawaiians with long-term residential ground leases on Hawaiian Home Lands.

## CAUSE OF ACTION - COUNT I

The following constitutional right to be free from the unauthorized "Governmental Taking" of Plaintiffs' home has been violated by the Defendants:

When Defendants Aila, Masagatani and the HHC members decided to "Take" the Plaintiffs long-term residential ground lease, without just compensation and give

Plaintiffs long-term residential ground lease to another native Hawaiian awaiting such a lease on the DHHL Waitlist, in violation of the "Takings Clause" of the Fifth Amendment to the United States Constitution.

### SUPPORTING FACTS:

On December 18, 2018, the Defendants held a "Contested Case" hearing against Plaintiff. Plaintiff was NOT present due to his terminal medical condition: Cirrhosis of the Liver.

Plaintiff was under Doctors' care in recovering from a medical procedure that was related lot his medical condition, when the Defendants held the Contested Case hearing without Plaintiff being present on December 18, 2018.

Plaintiff was never provided with counsel to advise him of his options or as to the severity of having an adverse decision made against him.

Plaintiff never received adequate rules, regulations, policies or procedures as to the "PROCESS" that would be "DUE" to him BEFORE the Defendants DHHL and HHC would seek to "Take" Plaintiffs' home from him.

### INJURY:

Without this Court's intervention, Plaintiff, and their will lose his home in clear contravention of the "Takings" Clause of the Fifth Amendment to the United States Constitution.

CAUSE OF ACTION - COUNT II

The following constitutional right has been violated by the Defendants:

When Defendants Aila, Masagatani and the HHC members failed to adequately enact or adopt policies, procedures or administrative rules to provide native Hawaiians with long-term residential ground leases on Hawaiian Homestead Lands with; Notice, Hearing, the opportunity to Defend against the taking of their family home, nor a decision by the HHC or a chance to appeal the adverse decision, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**SUPPORTING FACTS**:

April 8, 2019 Plaintiff was notified by the Defendant Akana, via a Complaint for Ejectment; Declaration of Kip Akana, via a "Notice of Cancellation and Order to Vacate Residential Lot Lease No. 5582, Lot No. 121,Waianae, Oahu, Hawaii contested Case Docket No. 10-012".

Plaintiff were never adequately afforded:

A. Notice of the Rules, Regulation, Policies and Procedures of the Department of Hawaiian Home Lands and the Hawaiian Homes Commission as to the "Process" that is Due to the Plaintiff in the event of their failure to meet their obligations to maintain his long-term residential ground lease agreement.

B. Counsel to advise Plaintiff of what his options or remedies are in going through the lease cancellation and contested case process.

C.  A fair hearing to defend himself, especially without the aid of counsel, in the Contested Case Process.

D.  Adequate NOTICE as to their Right to Appeal the decision of the Commission to Cancel their lease.

E.  Adequate NOTICE as to their Right to Contested Case review.

F.  The right to appeal the "Order to Vacate".

Defendant DHHL and HHC has NO adequate policies, procedures or Administrative Rules that protect the Due Process Rights of native Hawaiians living on long-term residential ground leases on Hawaiian Home Lands as it relates to Defendant DHHL's practice of evicting native Hawaiians off of lands that was expressly set aside for native Hawaiians to live on.

**I**NJURY:

Without this Court's intervention, Plaintiff, will the clear "chilling" effect of their Constitutional Rights to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.

RELEIF

WHEREBY the Plaintiffs respectfully request that this Court issue the following two Declaratory Judgments

i  That the Defendants failed to adequately provide even the basic fundamental rights of native Hawaiians to Due Process BEFORE the government seeks to take

adverse action against native Hawaiians who have long-term residential ground lease on Hawaiian Home Lands.

ii  That Defendants "Breached the Trust" by failing to adequately enact policies, procedures and administrative rules to safeguard against the arbitrary and capricious evictions of native Hawaiians on Hawaiian Home Lands.

Plaintiffs further seeks this Court to ORDER two Prospective Injunctive Reliefs:

i.  To ENJOIN the Defendants from Judicially moving to Eject the Plaintiff from his long-term residential ground lease; and

ii.  To Enjoin the Defendants from seeking any further actions for ejectment against native Hawaiians residing on Hawaiian Home Lands, until adequate policies and procedures and administrative rules are enacted to ensure that the Defendants act in accordance with the basic fundamental rights of native Hawaiians who lives on long-term residential ground leased Hawaiian Home Lands.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE

UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

See 28 U.S.C. §1746 and 18 U.S.C. §1621.

DATED: HONOLULU, HAWAII, June 21, 2019.

John B. Hopkins,
PRO SE