IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| JOHN B. HOPKINS, | CIVIL NO. 19-00321 JAO-WRP |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS** |
| vs. | |
| WILLIAM AILA, et al., | |
| Defendants. | |

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

Plaintiff John B. Hopkins alleges that various entities and individuals violated his rights under the Fifth and Fourteenth Amendments when they cancelled his long-term residential ground lease on Hawaiian Home Lands property and ordered him to vacate that property. Defendant United States of America ("United States") moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to show the Court has jurisdiction over the United States in this action. ECF No. 37. Alternatively, the United States moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to allege facts that state a claim against the United States. *Id.* For the reasons stated below, the Motion to Dismiss is GRANTED.

## I. BACKGROUND

### A. Facts

Plaintiff is a native Hawaiian as defined in the Hawaiian Homes Commission Act ("HHCA") and thus, a beneficiary of the public land trust created under the Hawai'i Statehood Admission Act ("Admission Act").[1] Compl. [ECF No. 1] ¶ 2. Defendant Department of Hawaiian Home Lands ("DHHL"), together with its Executive Board, Defendant Hawaiian Homes Commission ("HHC") (collectively, "DHHL/HHC"), are state entities that administer Hawaiian Home Lands in that public land trust for the benefit of native Hawaiians. *Id.* ¶¶ 2, 8, 16, p. 7.[2] Plaintiff was the beneficiary of a long-term residential ground lease ("lease") on Hawaiian Home Lands and resided in a home on that property and made certain

---

[1] A brief note about these federal laws provides some context. In the early 1920s, Congress enacted the HHCA, which set aside 200,000 acres of lands previously ceded to the United States to be leased to native Hawaiians for a term of 99 years at a nominal rate. *See Arakaki v. Lingle*, 477 F.3d 1048, 1054 (9th Cir. 2007). Then in 1959, as a condition of statehood, the Admission Act required Hawai'i to incorporate the HHCA into its state Constitution. *See id.* In return, the United States granted the State title to the 200,000 acres set aside under the HHCA (plus additional land), requiring the State to hold that land in trust for the benefit of native Hawaiians. *See id.* at 1054-55. That land is commonly referred to as Hawaiian Home Lands.

[2] Plaintiff failed to comply with Federal Rule of Civil Procedure 10(b), which requires a party to "state its claims or defenses in *numbered paragraphs*, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a) (emphasis added). Where Plaintiff failed to use numbered paragraphs, the Court will refer to the page number located in the bottom right corner of the Complaint.

improvements to that property. *Id.* ¶¶ 2, 4, pp. 7-8.

Under the terms of the contract for his lease, DHHL/HHC could cancel Plaintiff's lease if he failed to meet the mortgage payments on his home on the Hawaiian Home Lands. *Id.* at p. 8. On April 8, 2019, DHHL/HHC notified Plaintiff that it had cancelled his lease, ordered him to vacate the property, and awarded the lease to another native Hawaiian on DHHL's waiting list. *Id.* at pp. 7, 10. Plaintiff alleges DHHL/HHC never provided him with notice about the procedures used to cancel his lease, nor a fair hearing with counsel to contest this process, nor information about his right to appeal the lease cancellation and order to vacate. *Id.* at pp. 7-8, 10-12. While DHHL/HHC did hold a "Contested Case" hearing, Plaintiff was not present due to a medical condition. *Id.* at p. 10. Plaintiff also complains DHHL/HHC denied him the option to leverage the equity in his improvements on the Hawaiian Home Lands property, *e.g.*, to obtain a loan that would have enabled him to make his mortgage payments. *Id.* at pp. 7-8.

**B.    Procedural History**

Plaintiff brought this lawsuit against the State of Hawai'i, DHHL, HHC, and ten individuals in their official capacities who work for DHHL or HHC (collectively, "State Defendants"). *Id.* ¶¶ 5-17. Plaintiff also named the United States as a defendant, alleging the United States is a "vital" and "indispensable" party to this action. *Id.* ¶ 18, p. 2.

Plaintiff brings two claims under 42 U.S.C. § 1983. *Id.* ¶ 1. In Count I, Plaintiff alleges the process used to cancel his lease was inadequate and so constitutes an improper taking without just compensation in violation of the Fifth Amendment. *Id.* at pp. 9-10. In Count II, Plaintiff alleges the process used to cancel his lease violated his due process rights under the Fifth and Fourteenth Amendments. *Id.* at pp. 11-12. Plaintiff thus seeks a declaration that the process by which he was ordered to vacate from Hawaiian Home Lands property violates due process and constitutes a breach of the State Defendants' duties under the public land trust. *Id.* at pp. 9, 12-13. Plaintiff also asks the Court to enjoin the State Defendants from ejecting him from his long-term residential ground lease and, further, to enjoin them from ejecting anyone residing on Hawaiian Home Lands property until adequate policies are enacted. *Id.* at pp. 9, 13.

The State Defendants filed their Answer, raising certain defenses. ECF No. 29. The only defendant that did not file an Answer – the United States – filed the present Motion to Dismiss. ECF No. 37. The United States argues Plaintiff's factual allegations are insufficient to establish subject matter jurisdiction over it or state a claim against it. Plaintiff, who represents himself, did not oppose the motion. The State Defendants filed a notice indicating they do not oppose the motion. ECF No. 39. The Court held a hearing on the motion on October 11, 2019 and only the United States appeared.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Rule 12(b)(1) motions challenge the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Dismissal under Rule 12(b)(1) is warranted when the plaintiff fails to meet this burden. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122-23 (9th Cir. 2010). A motion to dismiss under Rule 12(b)(1) can amount to a facial or factual challenge. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, which the United States appears to mount here, the movant asserts that the allegations of the complaint "are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039). As in a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's allegations as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations sufficiently invoke the court's jurisdiction. *See id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

## B. Rule 12(b)(6)

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *id.* at 556). There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III.  DISCUSSION

The Court concludes that it lacks subject matter jurisdiction over the United States.  Alternatively, Plaintiff's allegations are insufficient to state a claim against the United States.

**A.  The United States' Motion to Dismiss under Rule 12(b)(1)**

"Federal courts lack subject-matter jurisdiction over claims asserted by litigants who lack standing." *Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).  Offering scant authority or analysis, the United States seeks dismissal under Rule 12(b)(1), failing even to identify on what grounds its motion is based and nowhere mentioning that its motion is based on Plaintiff's lack of Article III standing.[3]  ECF No. 37-1, at 1-3.  The Court thus finds itself left to interpret the exact basis for the United States' motion.  In any event, because the Court has an independent obligation to police its own subject matter jurisdiction, including a party's standing, the Court must assess whether Plaintiff has standing to bring his claims against the United States.  *See Animal Legal Def. Fund v. U. S. Dep't of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019).

There are three necessary elements for Article III standing:

---

[3]  At the hearing on the motion, counsel for the United States stated it had not occurred to him to bring a motion based on Plaintiff's lack of Article III standing, but agreed the Complaint was deficient on this ground.

7

> [A] plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). The Court concludes that, although Plaintiff has alleged an injury, Plaintiff has failed to allege traceability, *i.e.*, that the United States caused the injuries that form the basis of his section 1983 claims.[4]

"[A] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citation omitted). If a plaintiff fails to link his claims to the conduct of one defendant, then that plaintiff lacks standing to sue that particular defendant because he has failed to allege the requisite traceability as to that defendant. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 961-62 (9th Cir. 2004) (concluding that plaintiffs who could not trace injury to a particular defendant did not have standing to sue that defendant). Here, Plaintiff specifically alleges that some of the State Defendants injured him by cancelling his lease and ordering him to vacate his home without providing him adequate process or just compensation and in violation of their duties under the land trust. *See, e.g.*,

---

[4] Because the Court concludes Plaintiff has not shown traceability, it does not address whether Plaintiff has shown redressability.

Compl. at pp. 7-9, 11-12. Nowhere in the Complaint does Plaintiff allege that the United States was involved in these proceedings, nor that it has any responsibility or power to administer the land trust, all of which form the basis for his constitutional claims and requests for relief. Indeed, in one portion of his Complaint, Plaintiff does not even seek relief against the United States, but instead asks the Court to issue declaratory and injunctive relief against *only* the State Defendants. Compl. at p. 9. Plaintiff thus has not alleged facts to show a "line of causation" between any conduct on the part of the United States on the one hand, and his alleged harm on the other. *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (citation omitted).

Plaintiff does allege the United States is an indispensable party to this action, Compl. ¶ 18, pp. 2, 7, but this is a legal conclusion that the Court need not accept as true. *See Cal. Trucking Ass'n v. Su*, 903 F.3d 953, 957 n.2 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). Indeed, the cases Plaintiff cites to support this proposition, Compl. at p. 2, are inapposite: those cases held that the United States was a necessary party when a plaintiff challenged the eligibility requirements of the lease program because the Admission Act requires the United States to approve any change to the eligibility requirements.[5] *See Arakaki*, 477 F.3d at 1059; *Carroll*

---

[5] The United States' motion does not address these cases and, at the hearing, counsel for the United States stated he had not read the cases.

*v. Nakatani*, 342 F.3d 934, 944 (9th Cir. 2003). Here, Plaintiff does not contest the eligibility requirements of the lease program nor allege that the terms of the trust are constitutionally unenforceable. To the contrary, he has already secured a lease, but claims some of the State Defendants improperly administered the trust and so seeks to enforce the trust's terms. *See, e.g.*, Compl. ¶ 2, pp. 8, 12-13.

Nor has Plaintiff indicated how the United States might otherwise be implicated in the relief he seeks based on the terms of the Admission Act. Regardless, *even if* the Court assumes that the United States is an indispensable party, that alone does not mean Plaintiff has standing to sue the United States. *See Arakaki*, 477 F.3d at 1059 (concluding that even though United States was indispensable party, plaintiffs lacked standing to sue United States).

"The party invoking federal jurisdiction, *not the district court*, bears the burden of establishing Article III standing." *Carroll*, 342 F.3d at 945 (emphasis added) (citing *Lujan*, 504 U.S. at 561). Plaintiff's conclusory allegation that the United States is a "vital party" fails to meet that burden because it does not provide any factual support explaining how his injuries are traceable to the United States. *See Perez v. Nidek Co.*, 711 F.3d 1109, 1113 (9th Cir. 2013) (stating that plaintiff's "conclusory and bare bones words and phrases without any factual content" about one set of defendants were not enough to show traceability and survive a motion to dismiss (citations omitted)). Because Plaintiff has not alleged facts to show

standing to sue the United States, the Court lacks subject matter jurisdiction over his claims against the United States.[6]

**B.      The United States' Motion to Dismiss under Rule 12(b)(6)**

In the alternative, the United States moves to dismiss the Complaint under Rule 12(b)(6) for failing to state a claim against it. Having determined that the Complaint fails to plead enough facts to confer Article III standing, the Court lacks jurisdiction over the claims against the United States and would ordinarily not consider the Rule 12(b)(6) motion. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017) (citing *id.*). Yet, even if the Court does have jurisdiction over Plaintiff's claims against the United States, these claims must be dismissed.

The United States argues the Complaint is deficient because Plaintiff brings

---

[6]     Plaintiff's claim alleging a violation of the Takings Clause of the Fifth Amendment raises another potential jurisdictional issue. Plaintiff seeks only injunctive and declaratory relief in this action; however, the Ninth Circuit has "held that neither injunctive nor declaratory relief is available for a takings claim against the United States." *Bay View, Inc. ex rel. AK Native Vill. Corps. v. Ahtna, Inc.*, 105 F.3d 1281, 1286 n.6 (9th Cir. 1997) (citation omitted). That is because a suit to enjoin a taking cannot be maintained where a post-deprivation suit for damages would be available. *See Clouser v. Espy*, 42 F.3d 1522, 1539-40 (9th Cir. 1994). And jurisdiction over any such suit lies exclusively in the Court of Federal Claims if damages exceed $10,000. *See id*. Because the Court concludes jurisdiction is lacking based on a lack of Article III standing, it need not resolve this additional issue about whether Plaintiff must first seek relief in the Court of Federal Claims.

only section 1983 claims, and the United States is not an appropriate defendant under that statute. ECF No. 37-1, at 3. The Court agrees that Plaintiff's allegations fail to state a claim under section 1983, which "only provides a remedy against persons acting under color of state law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (citation omitted). First, the United States is not a "person" for purposes of section 1983. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (citations omitted); *see also Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors."). Second, Plaintiff fails to allege the United States was "acting under color of state law." "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (citation omitted). Plaintiff alleges that all Defendants "have acted under COLOR OF LAW," Compl. at p. 2, but fails to offer any facts to support that the United States acted under any *state* law or authority or in concert with any *state* officials. *See Billings*, 57 F.3d at 801; *see also Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) ("[A] defendant is entitled to more than the bald legal conclusion that there was action under color of state law." (citation and footnote omitted)).

More broadly, and as already discussed above, the United States argues the

Complaint must be dismissed because Plaintiff fails to include *any* specific factual allegations about the United States or its conduct. ECF No. 37-1, at 2-3. While the Court must apply a liberal standard to a motion to dismiss (especially when the plaintiff is self-represented), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has at most offered a legal conclusion that the United States is a necessary party to this action. As "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss," *id.*, then Plaintiff's allegations here, which do not even accuse the United States of participating in any violation, are not enough to survive a motion to dismiss.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' Motion to Dismiss for lack of subject matter jurisdiction. In the alternative, the Court GRANTS the United States' Motion to Dismiss for failure to state a claim. Because amending the Complaint is not necessarily futile, the Court grants

---

[7] Although the United States does not raise it, there is an additional issue with Plaintiff's section 1983 claim against the United States: the Fourteenth Amendment only applies to states and not the federal government or federal entities. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987); *United States v. Navarro*, 800 F.3d 1104, 1112 n.6 (9th Cir. 2015) (citation omitted).

13

Plaintiff LEAVE TO AMEND his claims. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiff may file an amended complaint that complies with Rule 10(b) no later than November 18, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 16, 2019.

Jill A. Otake
United States District Judge

Civil No. 19-00321 JAO-WRP, *Hopkins v. Aila, et al.*, ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS

14