# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN B. HOPKINS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM AILA, et al.,<br><br>　　　　　Defendants. | CIVIL NO. 19-00321 JAO-WRP<br><br>**ORDER DISMISSING ACTION** |

**ORDER DISMISSING ACTION**

Plaintiff John B. Hopkins ("Plaintiff") commenced this action on June 21, 2019. ECF No. 1. On October 16, 2019, the Court issued an Order Granting Defendant United States of America's Motion to Dismiss. ECF No. 41. The Court dismissed the action as to Defendant United States, but granted Plaintiff leave to file an amended complaint by November 18, 2019. *See id.*

On November 1, 2019, Defendant Department of Hawaiian Home Lands, State of Hawaiʻi filed a suggestion of death pursuant to Federal Rule of Civil Procedure 25(a)(1), which provides that another party may file a motion to substitute in for a deceased plaintiff, but also provides that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). To date,

Plaintiff has not filed an amended complaint and Plaintiff's successor(s) or representative have not filed a motion for substitution.

Federal Rule of Civil Procedure 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

In view of Plaintiff's failure to file an amended complaint in accord with the Court's Order and because no motion for substitution has been filed under Rule 25(a), the Court finds that the *Pagtalunan* factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, *see Pagtalunan*, 291 F.3d at 642 ("The public's interest in expeditious

resolution of litigation always favors dismissal." (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999))), as does the Court's need to manage its docket. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, there is no risk of prejudice to Defendants. Finally, there are currently no less drastic alternatives available.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## **CONCLUSION**

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, January 31, 2020.



Jill A. Otake
United States District Judge